| | | |
|---|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | **CASE NO.  09 CV 00136** |
| v. | ) ) | |
| **FCSTONE, LLC**, | ) ) | Honorable James B. Zagel |
| Defendants. | ) | |

## MOTION FOR JUDGMENT ON COUNTS I, III AND V

Plaintiff Frederick J. Grede, not individually but as liquidation trustee (the "Trustee") for the Sentinel Liquidation Trust ("Trust"), respectfully requests that the Court enter judgment against defendant FCStone, LLC ("FCStone") on Counts I, III and V of the Second Amended Complaint (the "Complaint").

## INTRODUCTION

This case is before the Court on remand.  On March 19, 2014, the Seventh Circuit reversed this Court's judgment in the Trustee's favor on Counts I and II, reaffirmed the Court's judgment on Count IV in FCStone's favor, and remanded "for further proceedings consistent with this opinion."  *See Grede v. FCStone, LLC*, 746 F.3d 244, 254, 258-60 (7th Cir. 2014). Although the Seventh Circuit did not address the Court's judgment in the Trustee's favor on Count III, its conclusion that this Court correctly decided the "property-of-the-estate" issue strongly suggests that the Seventh Circuit did not intend to disturb the Court's ruling on Count III in the Trustee's favor.  *Id*. at 258-60.

On remand, the Court should once again enter judgment for the Trustee on Count I and hold that FCStone received \$14,479,039 in violation 11 U.S.C. § 549(a).  The Seventh Circuit

reversed this Court's judgment on Count I because it found that the Bankruptcy Court's August 20, 2007 Order authorized Sentinel's post-petition transfer to FCStone. *Grede*, 746 F.3d at 254-58. In reaching this conclusion, the Seventh Circuit did not address whether the Bankruptcy Court's October 28, 2008 Order reaching the opposite conclusion nonetheless was entitled to collateral estoppel effect. *Id*. As explained more fully below, in the original proceedings before this Court the Trustee argued that the October 28, 2008 Order barred FCStone from claiming that the Bankruptcy Court authorized the post-petition transfer, but the Court did not rule on the issue. Under well-established Seventh Circuit authority, the Trustee was not required to raise his collateral estoppel argument as an alternative grounds for affirmance in the Seventh Circuit. *See, e.g.*, *Door Systems, Inc. v. Pro-Line Door Systems, Inc.*, 83 F.3d 169, 174 (7th Cir. 1996). On remand, the Court is therefore free to address whether the October 28, 2008 Order is entitled to collateral estoppel effect. *Id.* And because all of the elements necessary for application of collateral estoppel are present here, the Court should once again enter judgment for the Trustee on Count I. It should further reinstate its judgment on Count V, temporarily disallowing FCStone's proof of claim against Sentinel's estate pursuant to 11 U.S.C. §502(d) until such time as FCStone pays the judgment on Count I in full.

The Court also should enter judgment in the Trustee's favor on Count III. Count III sought a declaration that certain funds held in Sentinel's accounts on the petition date belonged to the Sentinel bankruptcy estate and that FCStone was not entitled to those funds. (*See* Dkt. No. 99 at pg. 27-28.) Because the Seventh Circuit agreed with this Court's conclusion that FCStone did not have a trust interest in those funds, the Court should reinstate its judgment in the Trustee's favor on Count III. *Grede*, 746 F.3d 258-60.[1]

---

[1] In light of the Seventh Circuit's decision, the Trustee acknowledges that the Court should enter judgment in FCStone's favor on Count II (preferential transfer) and Count IV (unjust enrichment).

## I.  The Court Should Enter Judgment On Counts I And V.

In Count I, the Trustee sued FCStone pursuant to 11 U.S.C. § 549 to recover $14,479,039 that Sentinel paid to FCStone on August 21, 2007 (the "Post-Petition Transfer"), just four days after Sentinel filed for bankruptcy.  To prevail on his §549 claim, the Trustee must prove that: (1) the funds FCStone received were property of the bankruptcy estate; and (2) the Bankruptcy Court did not authorize the Post-Petition Transfer.  11 U.S.C. § 549(a).

With respect to the first element of the Trustee's §549 claim, this Court has previously ruled that the funds Sentinel paid to FCStone on August 21, 2007 were property of Sentinel's bankruptcy estate.  *Grede v. FCStone, LLC,* 485 B.R. 854, 873-80 (N.D. Ill. 2013).  This Court also rejected FCStone's defense that the Trustee could not recover the transfer under 11 U.S.C. §550.  *Id*. at 881-83.  The Seventh Circuit affirmed both of those rulings.  *Grede*, 746 F.3d at 254 n.5, 258-59.  Therefore, the only issue on remand is whether the Trustee can establish that the Bankruptcy Court did not authorize the Post-Petition Transfer.  Because the Trustee has proved that the Bankruptcy Court's October 28, 2008 Order is entitled to collateral estoppel effect, he has satisfied this element of his claim and the Court should enter judgment in his favor on Count I.

## A.  The Bankruptcy Court's October 28, 2008 Order Precludes FCStone From Arguing That The Bankruptcy Court Authorized The Post-Petition Transfers.

The Bankruptcy Court's October 28, 2008 Order holding that its August 20, 2007 Order did not authorize the Post-Petition Transfer to FCStone meets all of the requirements for the application of collateral estoppel.  Therefore, FCStone was precluded from re-litigating in this Court whether the Bankruptcy Court authorized the Post-Petition Transfer.

It is well established that for collateral estoppel to apply, "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final

judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011) (citation omitted). As explained in *Loera v. United States*, "[t]he doctrine of collateral estoppel, an offshoot of res judicata, teaches that a judge's ruling on an issue of law or fact in one proceeding binds in a subsequent proceeding the party against whom the judge had ruled, provided that the ruling could have been (or was, but unsuccessfully) challenged on appeal, or if not that at least it was solid, reliable, and final rather than 'intended to be tentative.'" 714 F.3d 1025, 1028 (7th Cir. 2013) (quoting *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir. 1961)). All four elements are present here.

*First*, the issues are exactly the same. In the Bankruptcy Court, the Trustee filed a Motion to Clarify or in the Alternative to Vacate or Modify the Court's August 20, 2007 Order (the "Rule 60(b) Motion"), asking the Bankruptcy Court either to clarify that its August 20, 2007 Order did not authorize the August 21, 2007 post-petition transfers or to vacate the August 20, 2007 Order. (*See* Bankr. Case No. 07-14987, Dkt. No. 978.) That is in fact the issue the Bankruptcy Court decided, ruling that its August 20, 2007 Order did not authorize or direct that the post-petition transfers, including the Post-Petition Transfer to FCStone, be made. (*See* October 28, 2008 Tr. at 36-43.)[2] In this Court, FCStone argues the flip-side of that exact same question: that the Bankruptcy Court's August 20, 2007 Order authorized the August 21, 2007 Post-Petition Transfer. Thus, the issues are identical.

---

[2] The October 28, 2008 Transcript can be found at Dkt. No. 52, Ex. 16. In its oral ruling, the Bankruptcy Court stated: "I did not intend to foreclose the trustee or any party from any avoidance action whatsoever. . . [a]nd I believe the pending actions that are up for status for the first time today include not only claims under Section 549, which I did not intend to preclude in the order of August 20, but the more common 547 preference actions, et cetera, et cetera." (*Id*. at 40; *see also* Bankr. Case No. 07-14987, Dkt. No. 1155 (Order stating "[f]or the reasons stated in open court on October 28, 2008, enter order that Trustee's motion to clarify is granted").)

*Second*, the parties actually litigated the issue in the Bankruptcy Court. "'[A]ctually litigated does not mean thoroughly litigated, but only that the parties disputed the issue and the trier of fact resolved it'. . . [i]t can be satisfied even if 'only a slight amount of evidence was presented on the disputed matter decided in the first suit.'" *Gambino v. Koonce*, 757 F.3d 604, 608-09 (7th Cir. 2014) (citations omitted). Here, the Trustee filed his Rule 60(b) Motion and the Bankruptcy Court ruled after considering extensive briefing by FCStone and others. (*See* Bankr. Case No. 07-14987, Dkt. Nos. 978, 1076, 1100, 1103, 1105, 1135, and 1136.) Furthermore, after considering the briefs, the Bankruptcy Court invited the parties to add anything to the record they wanted the Bankruptcy Court to consider. (*See* October 28, 2008 Tr. at 11.) In response to this invitation, all of the parties made additional arguments. (*Id*. at 11-36.) Plainly, the parties actually litigated the issue.

*Third*, the determination of the authorization issue was essential to the Bankruptcy Court's October 28, 2008 Order; indeed, it was the only issue before the Court. As the Trustee's Rule 60(b) Motion makes clear, the only question the Trustee asked the Bankruptcy Court to decide was whether the Bankruptcy Court had authorized the transfers, including the Post-Petition Transfer, for purposes of §549. (*See* Bankr. Case No. 07-14987, Dkt. No. 978.) That also was the only issue the Bankruptcy Court decided. (*See* October 28, 2008 Tr. at 36-43.) Thus, determination of the issue was essential to the Bankruptcy Court's October 28, 2008 Order.

*Fourth,* the party against whom estoppel is invoked, FCStone, was fully represented in the prior litigation. The Trustee served FCStone's counsel with notice of his Rule 60(b) Motion. (*See* Bankr. Case No. 07-14987, Dkt. No. 990.) The Rule 60(b) Motion put FCStone on notice of the issue, as it requested "*clarification that this Court's August 20, 2007 order [ ] does not affect the Trustee's ability to bring avoidance actions under Section 549 of the Bankruptcy*

*Code*." (Bankr. Case No. 07-14987, Dkt. 978 at 1 (emphasis added).) The Trustee further asserted that the "Order did not 'authorize' transfers pursuant to section 549" and requested that the bankruptcy court "enter an order clarifying that no transfer was 'authorized' within the meaning of Section 549." (*Id*. at 9-10.)

FCStone also actively participated in the briefing that led to the Bankruptcy Court's ruling. The so-called Ad Hoc Committee of SEG 1 Customers, consisting of FCStone, among others, filed an opposition to the Trustee's Rule 60(b) Motion (Bankr. Dkt. No. 1101). FCStone also fully recognized the importance of the issue at stake before the Bankruptcy Court, arguing that the August 20, 2007 Order "plainly 'authorized' the August 21 Transfers" and that it would be "severely prejudiced if the [August 20, 2007 Order] were vacated, and the [Defendants] were later ordered to pay an amount equal to all, or a portion of, the August 21 Transfers to the Debtor's estate." (*See id.* at 5, 13.)

*Finally*, FCStone could have challenged the Bankruptcy Court's October 28, 2008 Order on appeal, but failed to do so. *Loera*, 714 F.3d at 1028. An adverse ruling on a Rule 60(b) motion is a final, appealable order. *Stone v. I.N.S.,* 514 U.S. 386, 401 (1995). Moreover, the October 28, 2008 Order was a final order as it put to rest the issue it decided. *See e.g.*, *Chase Manhattan Mortg. Corp. v. Moore*, 446 F.3d 725, 727-28 (7th Cir. 2006). In the context of a bankruptcy case, "[a]n order of the bankruptcy court may be considered final, and thus, immediately appealable, when it definitively resolves a discrete dispute within the larger case" even if that order does not close the bankruptcy case. *Tidwell v. Smith (In re Smith),* 582 F.3d 767, 776 (7th Cir. 2009). In *Tidwell,* the Seventh Circuit held that a bankruptcy court's order modifying a discharge injunction to allow state court actions to proceed was a final, appealable order, even though the bankruptcy court postponed resolution of other issues pending the outcome of the state court actions. *Id.* at 776. As another example, in *In re UAL Corp.*, the

Seventh Circuit concluded that an order allowing a debtor to assume certain leases was sufficiently final and appealable even where it did not "determine the [party's] status as a creditor definitively." 411 F.3d 818, 821 (7th Cir. 2005).

The Bankruptcy Court's October 28, 2008 Order meets the test for finality. It finally decided the Trustee's Rule 60(b) Motion and the dispute between the parties over whether the August 20, 2007 Order authorized the August 21, 2007 transfers, including the Post-Petition Transfer to FCStone, within the meaning of §549. Had FCStone wanted to challenge that ruling, it was required to file an appeal. *Matrix IV,* 649 F.3d at 549. FCStone's failure to do so precludes it from arguing in this case that the Bankruptcy Court authorized the transfers.

The Seventh Circuit's *Matrix IV* decision is directly on point. In *Matrix IV*, a creditor objected to the proposed sale of a debtor's assets on the grounds of fraud and lost. The creditor also raised its fraud allegations in a variety of other motions and a complaint, and lost every time. 649 F.3d at 543-46. The creditor then filed suit in district court again alleging the same fraud and the district court dismissed the complaint on both res judicata and collateral estoppel grounds. *Id*. at 546-47. The Seventh Circuit affirmed, holding:

> there can be little doubt that the bankruptcy court rendered final judgments on the merits. The bankruptcy court orders confirming the asset sale under § 363 and dismissing the equitable-subordination defense in the lien-priority adversary proceeding – orders affirmed by the district court and this court – were final orders. [Creditor] maintains that these orders did not dispose of its fraud claim on the merits. We disagree. As we have explained, the heart of [creditor]'s request that the bankruptcy court reconsider its approval of the asset sale was a contention that [parties] participated in a [ ] fraud . . . [t]he bankruptcy court held a hearing on the motion, rejected [creditor]'s allegations of fraud, held that [buyer] was a good-faith purchaser, and permitted the sale to proceed. That was a merits determination.

*Id.* at 549. This principle controls. The heart of the Trustee's Rule 60(b) Motion, and of the briefing and oral argument that followed, was whether the Bankruptcy Court "authorized" the August 21, 2007 transfers, including the Post-Petition Transfer to FCStone. Thus, the

Bankruptcy Court's determination that it did not "authorize" those transfers was a "merits determination" that precludes FCStone from re-litigating this issue. *Id.* The Court therefore must conclude that the transfers to FCStone were not authorized.

**B.** **The Seventh Circuit's Ruling Does Not Foreclose This Court From Applying Collateral Estoppel On Remand.**

When it originally granted the Trustee judgment on Count I, this Court did not address the res judicata or collateral estoppel effect of the Bankruptcy Court's October 28, 2008 Order. Instead, it ruled that the August 20, 2007 Order by its own terms did not authorize the transfers. *See Grede,* 485 B.R. at 880-81. The Trustee (who prevailed in this Court) was not required to raise this additional issue in the Seventh Circuit. *Door Systems,* 83 F.3d at 174. Thus, the issue remains open for consideration in this case on remand.

Seventh Circuit authority is clear that an appellee, such as the Trustee was in this case, is not "required to advance every possible ground for affirmance." *Id.* Although an appellee "can defend the judgment appealed from on any nonwaived ground, even if the district court did not address it," the failure to do so is not waiver. *Id.* Thus, "should the case be remanded [the appellee] can advance the additional grounds in the district court, provided they have not been waived in that court." *Id.* Consistent with this rule, the Seventh Circuit held in *Chicago College of Osteopathic Medicine v. George A Fuller Co.*, that a district court is free on remand to consider alternative grounds for recovery upon which it did not previously rule. 719 F.2d 1335, 1340-41 (7th Cir. 1984); *accord Lees v. Carthage Coll.*, 560 F. App'x 614, 615 (7th Cir. 2014) ("[o]n remand the judge had the authority to rule on [defendant's] other arguments"). Thus, if an appellate court does not decide an issue, the "district court can, after remand, come to the same result as before remand by relying upon grounds other than those specified in the appellate court's mandate." 18 MOORE'S FEDERAL PRACTICE § 134.23[4] (3d ed. 2011).

Here, the Trustee properly preserved his collateral estoppel argument in this Court. Before, during and after trial, the Trustee argued that FCStone was collaterally estopped from challenging the October 28, 2008 Order. *See* Dist. Case No. 09-136, Dkt. No. 68 at 10; *FCStone* Trial Tr. at 85, 1549-50, 1756. Before trial, the Trustee argued that FCStone was not entitled to a "second bite at the apple" on the question of whether the transfers were authorized and that instead, the Court should hold that FCStone's arguments were "barred by the doctrine of collateral estoppel . . . ." (Dist. Case No. 09-136, Dkt. No. 68 at 10.) At trial, the Trustee presented evidence that FCStone "quite vigorously" fought Judge Squire's clarification order, but after doing so, chose not to appeal that order. (*FCStone* Trial Tr. at 1549-50 (Delbridge).) And after trial, in his closing argument, the Trustee argued that "when Judge Squires held that his order did not authorize under Section 549 and [Defendants] failed to appeal that, they are collaterally estopped from attacking it here." (*FCStone* Trial Tr. at 1756.)[3] In its opinion, this Court did not rule on the Trustee's collateral estoppel argument, instead ruling for the Trustee on alternative grounds. *Grede,* 485 B.R. at 880-81.

On appeal, the Trustee urged affirmance on the grounds set forth in this Court's decision, but did not raise alternative bases such as collateral estoppel for affirmance. (*See* 7th Cir. Case No. 13-1232, Dkt. No. 43 at 26-30.) Thus, the collateral estoppel effect of the Bankruptcy Court's October 28 Order remains open for consideration in this case.

Further, the fact that the Seventh Circuit disagreed with this Court's conclusion (and that of the Bankruptcy Court) that the August 20, 2007 Order did not authorize the Post-Petition Transfer, does not prevent this Court from applying collateral estoppel. As the United States Supreme Court explained in *Federated Department Stores, Inc. v. Moitie*, res judicata and collateral estoppel apply to bar re-litigation of an issue even where another court has found an

---

[3] The Court heard closing arguments in lieu of post-trial briefing.

order to be wrong or entered in error: "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled." 452 U.S. 394, 401-02 (1981); *accord United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275-76 (2010). Whether the October 28, 2008 Order was correct or not is beside the point when addressing whether it should be given preclusive effect. The principle that even "erroneous" orders are entitled to preclusive effect is long-standing in this Circuit, *Appleton Toy & Furniture Co. v. Lehman Co. of Am.,* 165 F.2d 801, 802 (7th Cir. 1948), and applies equally in cases involving res judicata and collateral estoppel, *Univ. of Illinois Foundation v. Blonder-Tongue Labs, Inc.*, 465 F.2d 380, 381 (7th Cir. 1972).

The application of *Moitie* applies even where an order is found to be a "legal error" or an "abuse of discretion." *United Student Aid Funds*, 559 U.S. at 275-76; *Nagle v. Lee,* 807 F.2d 435, 443 (5th Cir. 1987). In *United Student Aid Funds*, the Supreme Court upheld the preclusive effect of a bankruptcy court's confirmation order, even as it recognized that it was wholly improper for debtors to ask for the relief that was the subject of the preclusive order. 559 U.S. at 275-79. The Supreme Court rejected the argument that applying res judicata to an order that was "legal error" might encourage other debtors to improperly seek the same relief, holding that the remedy for bad faith litigation conduct is to impose sanctions, not to ignore the well-established rule that even orders entered in error are entitled preclusive effect. *Id.* Similarly, in *Nagle v. Lee,* the Fifth Circuit held that it was "without authority . . . to rule on the propriety of the [lower court's] action" even if the lower court "abused its discretion" because the party had "forfeited review of that decision by not appealing [the order] in a timely manner." 807 F.2d 435, 443 (5th Cir. 1987).

In short, the fact that an order may be wrong does not relieve a litigant from the obligation to challenge the order on appeal, rather than attempting to mount an impermissible

collateral attack. Having failed to appeal the October 28, 2008 Order, FCStone is bound by it. Because FCStone cannot challenge the conclusion that the Bankruptcy Court did not authorize the Post-Petition Transfer, and because the Seventh Circuit has upheld this Court's prior ruling that the Trustee had proved the other elements of his §549 claim, the Court should reinstate its judgment in the Trustee's favor on Count I. It also should reinstate its judgment on Count V, which seeks to temporarily disallow FCStone's claim pursuant to 11 U.S.C. §502(d) until FCStone repays the avoided post-petition transfer.

## II.     The Court Should Enter Judgment On Count III.

Count III of the Trustee's Complaint seeks a declaration that certain cash Sentinel held on its petition date (which is now in a reserve account established under Sentinel's Plan of Reorganization) is property of Sentinel's estate, and may be distributed to Sentinel's unsecured creditors in accordance with the terms of the Plan. (*See* Dkt. 99 at pg. 27-28.) This Court previously entered judgment in favor of the Trustee and against FCStone on Count III, concluding that the funds Sentinel was holding on the day it filed for bankruptcy were property of the estate and that FCStone did not have a trust interest in those funds. 485 B.R. at 890.

The Seventh Circuit's decision did not address Count III explicitly, most likely because the focus of FCStone's appeal briefs were almost entirely on Counts I and II. *See generally Grede*, 746 F.3d at 244. The Seventh Circuit, however, did state that it agreed with this Court's conclusion that Sentinel's funds were property of the estate and that FCStone could not assert a trust over any of those funds. *Id*. at 258-60. Because the "property-of-the-estate" determination was *the* issue that Count III raised, the Seventh Circuit's statement that it agreed with this Court's resolution of that issue was tantamount to an affirmance of this Court's judgment on Count III. Accordingly, the Court should reinstate its judgment on Count III because that is the only result that is "consistent with [the Seventh Circuit's ] opinion." *Id*. at 260.

Although the Seventh Circuit has already decided the issue, FCStone has nonetheless asked the Court to revisit that issue. Following the Seventh Circuit's ruling in this case, the Trustee moved for summary judgment on the same property-of-the-estate declaratory judgment count (Count III) that is included in each of the other adversary complaints that are pending against the other SEG 1 Defendants.[4] In response to those Motions, all of the other SEG 1 Defendants, including FCStone, cross-moved for summary judgment on Count III. Both the Trustee's and the SEG 1 Defendants' Motions regarding Count III were fully briefed on January 6, 2015 and, pursuant to this Court's rules, filed shortly thereafter. Therefore, if the Court again addresses the merits of the property-of-the-estate issue (and it should not do so), there is no need for additional briefing on Count III.

---

[4] *See Grede v. IFX Markets, Inc.,* Case No. 09-00115, Dkt. 91; *Grede v. Farr Financial, Inc.,* Case No. 09-00120, Dkt. 88; *Grede v. Cadent Financial Services,* Case No. 09-00127, Dkt. 106; *Grede v. Rand Financial Services,* Case No. 09-00128, Dkt. 92; *Grede v. Country Hedging Inc.,* Case No. 09-00130, Dkt. 95; *Grede v. Velocity Futures, LP,* Case No. 09-00135, Dkt. 119; *Grede v. American National Trading Corp.,* Case No. 09-00137, Dkt. 106; *Grede v. ABN AMRO Clearing Americas, LLC,* Case No. 09-00138, Dkt. 113; *Grede v. Crossland LLC,* Case No. 09-00140, Dkt. 94.

**CONCLUSION**

For all of the foregoing reasons, the Trustee respectfully requests that this Court enter judgment in his favor and against FCStone on Counts I, III and V of the Complaint, and for such other and further relief as the Court deems equitable and just.

Dated: February 10, 2015

Respectfully submitted,

FREDERICK J. GREDE, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust

By: ___/s/ Vincent E. Lazar___
          One of his attorneys

Chris Gair
Jeffrey Eberhard
Gair Law Group, Ltd.
1 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel: 312-600-4900

*Counsel for Frederick J. Grede, Liquidation Trustee for the Sentinel Liquidation Trust*

Catherine L. Steege
Vincent E. Lazar
Angela M. Allen
Jenner & Block, LLP
353 N. Clark Street
Chicago, IL 60654
Tel: 312-222-9350

## CERTIFICATE OF SERVICE

I, Angela M. Allen, an attorney, certify that on February 10, 2015, I caused a copy of the

**Trustee's Motion for Judgment on Counts I, III and V** to be served by electronic mail, upon:

William J. McKenna , Jr.
Stephen Patrick Bedell
Thomas Paul Krebs
Geoffrey S Goodman
Foley & Lardner
321 North Clark Street
Suite 2800
Chicago, IL 60610
(312) 832-4500
Email: wmckenna@foley.com
Email: sbedell@foley.com
Email: tkrebs@foley.com
Email: ggoodman@foley.com

*Counsel for FCStone, LLC*

　　　　　　　　　*/s/ Angela M. Allen*
　　　　　　　　　Angela M. Allen