# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust,<br><br>                  Plaintiff,<br>    v.<br><br>**FCSTONE, LLC,**<br><br>                  Defendant. | Honorable James B. Zagel<br><br>Case No. 09-cv-00136 |

### FCSTONE, LLC'S MOTION FOR ENTRY OF JUDGMENT ON COUNTS I, II, IV AND V OF THE TRUSTEE'S SECOND AMENDED COMPLAINT

Defendant, FCStone, LLC ("FCStone"), hereby submits this Motion for Entry of Judgment on Counts I, II, IV and V of the Trustee's Second Amended Complaint.[1] In support of its Motion, FCStone states as follows:

1. On January 4, 2013, after a bench trial, this Court entered final judgment for the Trustee on Counts I (post-petition transfer), II (pre-petition preferential transfer), III (declaratory judgment) and V (disallowance of claims), and for FCStone on Count IV (unjust enrichment) of the Trustee's Second Amended Complaint. FCStone appealed those counts decided against it and the Trustee cross-appealed this Court's judgment as to Count IV.

2. On March 19, 2014, the United States Court of Appeals for the Seventh Circuit (the "Seventh Circuit") found in favor of FCStone and reversed this Court's judgment on Counts I, II, III and V. *Grede v. FCStone*, LLC, 734 F.3d 244, 246-47, 251-260 (7th Cir. 2014). The Seventh Circuit held that the post-petition transfer (Count I) was authorized by the Bankruptcy

---

[1] The Trustee is Frederick J. Grede as Liquidation Trustee for the Sentinel Liquidation Trust.

Court (*id.* at 246-47, 254-58)—and therefore that no avoidance action could be brought by the Trustee under 11 U.S.C § 549(a); and that the pre-petition preferential transfer (Count II) fell within both the "settlement payment" and "securities contract" safe harbor exceptions to clawback in § 546(e) of the Bankruptcy Code. *Id.* at 246-47, 251-54. The Seventh Circuit also denied the Trustee's cross-appeal for reinstatement of his unjust enrichment claim (Count IV), affirming this Court's judgment that the Trustee's unjust enrichment claim is preempted by federal bankruptcy law. *Id.* at 259-60.

3. On May 19, 2014, the Seventh Circuit denied the Trustee's Petition for Rehearing, and the Trustee chose not to file a petition for certiorari with the United States Supreme Court. On May 27, 2014, the Seventh Circuit issued its mandate to this Court.

4. FCStone does not believe it needs to file this Motion to effectuate judgment on Counts I, II, IV and V because the Seventh Circuit finally and unambiguously decided those Counts—and the claims asserted in them—in favor of FCStone and against the Trustee. Accordingly, there is nothing left for this Court to decide, and the Trustee's claims in Counts I, II, IV and V should be terminated.[2]

5. However, in light of the Trustee's ill-advised decision to file his Motion for Entry of Judgment on Counts I, III and V (Dkt. No. 272),[3] and out of an abundance of caution in case this Court disagrees with FCStone's position regarding the need to move formally for entry of judgment on those Counts, FCStone has filed this Motion.

---

[2] FCStone is not moving for the entry of judgment on Count III, which seeks a declaratory judgment regarding the ownership interest in the SEG 1 reserve funds held by the Trustee, because the Seventh Circuit did not decide the "property of the estate" issue. FCStone, however, has filed a motion for summary judgment on that Count.

[3] FCStone is filing its Response to the Trustee's Motion for Entry of Judgment on Counts I, III and V contemporaneously with this Motion.

4821-8029-8018.

6. With respect to Counts II and IV, the Trustee admits that judgment should be entered for FCStone based on the Seventh Circuit's clear and unambiguous rulings on those Counts. (Trustee's Motion for Entry of Judgment on Counts I, III and V, Dkt. No. 272 at 2 ("In light of the Seventh Circuit's decision, the Trustee acknowledges that the Court should enter judgment in FCStone's favor on Count II (preferential transfer) and Count IV (unjust enrichment).")). This Court, therefore, should enter judgment in favor of FCStone and against the Trustee on Counts II and IV.

7. As for Count I, the Seventh Circuit reversed this Court's decision and finally and definitively held that the Trustee may not clawback the August 21, 2007 post-petition transfer (the only transfer at issue in Count I) because the Bankruptcy Court authorized that transfer. Indeed, the Seventh Circuit could not have been any more clear:

> We conclude, then, that the bankruptcy court authorized the post-petition transfer within the meaning of 11 U.S.C. § 549. ***The Trustee therefore cannot avoid the transfer***.

*Grede v. FCStone*, 734 F.3d at 258 (emphasis added).

8. With respect to Count V, FCStone is entitled to judgment under Section 502(d) of the Bankruptcy Code, which provides for the disallowance of the claims of an entity that receives an avoidable transfer from the debtor's estate and does not return such transfer to the estate. *See* 11 U.S.C. § 502(d). Here, the Seventh Circuit already has held that the post-petition and pre-petition transfers are not avoidable transfers from Sentinel's estate. FCStone, therefore, is entitled to judgment on Count V as well.

9. For the reasons discussed above, as well as those reasons set forth in FCStone's Response to the Trustee's Motion for Entry of Judgment on Counts I, III and IV (Dkt. No. 275), ***which FCStone expressly incorporates herein***, this Court should enter an order granting

3

judgment in favor of FCStone and against the Trustee on Counts I II, IV and V of the Trustee's Second Amended Complaint.

WHEREFORE, FCStone, LLC respectfully requests this Court to enter judgment for FCStone, LLC and against the Trustee on Counts I, II, IV and V of the Trustee's Second Amended Complaint.

Dated: March 17, 2015

Respectfully submitted,

Defendant, FCSTONE, LLC

By: /s/ Stephen P/ Bedell
    Stephen P. Bedell (#3125972)
    William J. McKenna (#3124763)
    Thomas P. Krebs (#6229634)
    Geoffrey S. Goodman (#6272297)
    Robert S. Bressler (#6295967)
    Foley & Lardner LLP
    321 North Clark Street, Suite 2800
    Chicago, IL 60654-5313
    Telephone: (312) 832-4500
    Facsimile: (312) 832-4700

4821-8029-8018.

# CERTIFICATE OF SERVICE

      I, Robert S. Bressler, an attorney, hereby certify that on March 17, 2015, I electronically filed the foregoing **FCSTONE, LLC'S MOTION FOR ENTRY OF JUDGMENT ON COUNTS I, II, IV and V** with the Clerk of the Court using the CM/ECF system, and further caused the same to be served on all counsel of record via ECF filing.

      By: /s/ Robert S. Bressler
            One of its attorneys

4821-8029-8018.