# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK J. GREDE, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, | ) ) ) ) |
| Plaintiff, | ) Honorable Rebecca R. Pallmeyer ) |
| v. | ) Case No. 09-cv-00136 ) |
| FCSTONE, LLC, | ) ) |
| Defendant. | ) |

**FCSTONE, LLC'S MOTION FOR ENTRY OF AN ORDER DIRECTING THE TRUSTEE TO PAY FCSTONE, LLC ITS *PRO RATA* SHARE OF THE RESERVES**

Defendant, FCStone, LLC ("FCStone"), respectfully moves this Court for entry of an order directing the Trustee[1] to pay FCStone its *pro rata* share of the SEG 1 Reserve and the Section 7.20(b) Disputed Claims Reserve. In support of its Motion, FCStone states:

1. On August 14, 2017, the Seventh Circuit: (a) affirmed then-presiding Judge James B. Zagel's judgment in favor of FCStone on Counts I and V of the Trustee's Second Amended Complaint; and (b) reversed Judge Zagel's judgment on Count III of that Complaint and directed this Court to enter judgment in FCStone's favor on that Count. *Grede v. FCStone, LLC*, 867 F.3d 767 (7th Cir. 2017). The Seventh Circuit had previously ruled in favor of FCStone on Counts II and IV of the Trustee's Complaint. *Grede v. FCStone*, LLC, 734 F.3d 244, 246-47, 251-260 (7th Cir. 2014). FCStone, thus, has prevailed on all Counts in the Trustee's Second Amended Complaint.

2. Once judgment is entered by this Court on Count III pursuant to the Seventh Circuit's mandate[2], the case will be concluded, except for the Trustee's payout to FCStone of

---

[1] The Trustee is Frederick J. Grede as Liquidation Trustee for the Sentinel Liquidation Trust.

FCStone's *pro rata* share of the SEG 1 Reserve[3] and the Section 7.20(b) Disputed Claims Reserve.[4]

3. With respect to Count III, which addresses these Reserves, the Seventh Circuit held that: (a) the money maintained by the Trustee in the SEG 1 Reserve was customer property (as opposed to property of Sentinel's estate); (b) as a result, FCStone and the other SEG 1 Defendants[5] are entitled to the funds in the SEG 1 Reserve and the funds in the Section 7.20(b) Disputed Claims Reserve; and (c) the SEG 1 Reserve funds and the funds in the Section 7.20(b) Disputed Claims Reserve must be distributed *pro rata* to FCStone and the other SEG 1 Defendants:

> The question concerns the proper distribution of nearly $25 million held in reserve under the confirmed bankruptcy plan. FCStone argues that these funds are trust property belonging to it and other

---

[2] The Seventh Circuit issues its mandate on October 10, 2017.

[3] The SEG 1 Reserve was created by Section 7.20(a) of Sentinel's bankruptcy plan. It consists of a hold-back of $15.6 million (about five percent of the Citadel sale proceeds), $4.9 million in proceeds from a late-settling security and certain proceeds of subsequent liquidations, and interest accrued. *FCStone II*, 867 F.3d at 778–79.

[4] The Section 7.20(b) Disputed Claims Reserve was created by Section 7.20(b) of Sentinel's bankruptcy plan. It "consists of funds that 'any Citadel–Beneficiary Customer Claim which voted against the Plan and/or lodged objections thereto [ ] would be entitled to receive' but for language in Section 4.5(a) that requires SEG 1 Citadel sale beneficiaries to wait on further distributions until other customers catch up to their level of recovery. The 7.20(b) Disputed Claims Reserve was designed to capture the *pro rata* portions of litigation recoveries and similar distributions that SEG 1 Objectors would have received had the parties agreed up front that the Citadel sale proceeds were SEG 1 trust property (and therefore should not count against the SEG 1 Objectors' *pro rata* share in the property of the estate)." *FCStone II*, 867 F.3d at 790.

[5] The FCStone case was selected as a test case for the other 10 closely related adversary proceedings brought by the Trustee against the former SEG 1 Customers (collectively, the SEG 1 Cases) of Sentinel Management Group, Inc. ("Sentinel"). The defendants in the SEG 1 Cases are FCStone LLC ("FCStone") IFX Markets, Inc., IPGL Ltd., Farr Financial, Inc., Cadent Financial Services, Rand Financial Services, Country Hedging Inc., Velocity Futures, LLC, American National Trading Corp., ABN AMRO Clearing Chicago LLC, Penson Financial Futures, Inc., Penson Futures f/k/a Penson GHCO and Crossland LLC (collectively, the "SEG 1 Defendants"). The "SEG 1 Objectors" include all of the SEG 1 Defendants, including FCStone.

4812-5369-8641.1

creditors in its customer class who are protected by statutory trusts under the Commodity Exchange Act. The district court disagreed, treating the funds instead as property of the bankruptcy estate subject to *pro rata* distribution among all Sentinel customers and other unsecured creditors. On this cross-appeal, we reverse. Under the Bankruptcy Code, property held by the debtor in trust for others is by definition not property of the bankruptcy estate. Pursuant to the confirmed bankruptcy plan, FCStone and similarly situated customers preserved their right to re-cover their trust property. These creditors are entitled to the benefit of reasonable tracing conventions. Moreover, FCStone introduced essentially unrebutted evidence at trial showing that it can trace a portion of the reserve funds back to its investment.

***

***FCStone is therefore entitled to judgment on Count III, and FCStone and the other SEG 1 objectors are entitled to share pro rata in the SEG 1 reserve.***

***

In light of these provisions [of Sentinel's bankruptcy plan] and our conclusions about the post-petition transfer and SEG 1 reserve funds, ***the Section 7.20(b) Disputed Claims Reserve should be liquidated and the funds disbursed to the SEG 1 Objectors who would have received these funds but for the property of the estate dispute.***

For the reasons we have explained, we AFFIRM the district court's judgment as to Counts I and V of the trustee's operative Second Amended Complaint. We reverse with respect to Count III and REMAND with instructions to enter judgment for FCStone on that count and for further proceedings consistent with this opinion.

*Id.* at 771, 790-91 (emphasis added).[6]

    4.    FCStone's total *pro rata* share of these Reserves is readily ascertainable. According to a reserve account summary that the Trustee recently provided to FCStone,

---

[6] On October 2, 2017, the Seventh Circuit denied the Trustee's petition for rehearing and rehearing *en banc*. It issued its mandate in the FCStone case (09-cv-136) on October 10, 2017.

FCStone's *pro rata* share of the funds in the SEG 1 Reserve was $1,796,058 as of July 31, 2017.[7] (*See* Trustee's Reserve Account Summary, Ex. A). FCStone does not dispute this calculation. Indeed, the Reserve Account Summary is a statement of account that the Trustee, as the fiduciary of Sentinel's Liquidating Trust, is required to provide to FCStone.

5. Moreover, according to FCStone's calculations, FCStone's *pro rata* share of the Section 7.20(b) Disputed Claims Reserve was $218,346 as of June 30, 2017. (Goodman Aff. ¶12, Ex. B) Each SEG 1 Defendant's *pro rata* share of the Section 7.20(b) Disputed Claims Reserve is based on such customer's SEG 1 (and SEG 2, if applicable) balances as of the petition date divided by the aggregate SEG 1 and SEG 2 balances of the SEG 1 Defendants as of the petition date. (*Id.* at ¶6)

6. Thus, based on these calculations, the Trustee owes FCStone a total of $2,013,350, plus interest accruing from the date of the calculations.

---

[7] Although the Reserve Account Summary from the Trustee includes a header referencing Fed. R. Evid. 408, the document summarizes reserve account balances, along with supporting facts and numbers that are otherwise discoverable and not subject to Fed. R. Evid. 408's protections. (Trustee's Reserve Account Summary, Ex. A). The Trustee has the fiduciary duty and is required to provide the SEG 1 Defendants with the information set forth in the Reserve Account Summary (*i.e.*, the amount of funds being held in reserve), and the information contained in Exhibit A is obviously otherwise discoverable, and thus not subject to protection under Rule 408. *See* Rule 408, Advisory Committee's note to 2006 amendment ("[t]he sentence of the Rule referring to evidence 'otherwise discoverable' has been deleted as superfluous"); *see also Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1107 (5th Cir. 1981) (the sentence regarding otherwise discoverable information in the pre-2006 iteration of Rule 408 "was intended to prevent one from being able to immunize from admissibility documents otherwise discoverable merely by offering them in a compromise negotiation"); *Bamber v. Elkhart Cmty. Sch.*, No. 2005 WL 957331, *2 (N.D. Ind. Mar. 28, 2005) (finding that Rule 408 did not bar the court from considering a computerized printout of time entries offered with a settlement letter where the entries were not discounted or changed for settlement). FCStone has redacted two footnotes from the Summary because those footnotes arguably refer to the Trustee's settlement proposals related to other SEG 1 Objectors.

4812-5369-8641.1

WHEREFORE, FCStone respectfully requests the Court to enter an order:

(a) directing the Trustee to pay FCStone its *pro rata* share of the SEG 1 Reserve—$1,796,058 plus interest from July 31, 2017 to the date of payment—within seven days of the Court's entry of judgment on Count III;

(b) directing the Trustee to pay FCStone its *pro rata* share of the Section 7.20(b) Disputed Claims Reserve—$218,346 plus interest from June 30, 2017 to the date of payment—within seven days of the Court's entry of judgment on Count III; and

(c) granting all other relief that is necessary and appropriate to carry out the terms of the judgment and the Seventh Circuit's mandate.

Dated: October 13, 2017

Respectfully submitted,

FCSTONE, LLC

By: /s/ Geoffrey S. Goodman
 Stephen P. Bedell  (#3125972)
 William J. McKenna  (#3124763)
 Thomas P. Krebs  (#6229634)
 Geoffrey S. Goodman  (#6272297)
 Foley & Lardner LLP
 321 North Clark Street, Suite 2800
 Chicago, IL 60654-5313
 Telephone:  (312) 832-4500
 Facsimile:   (312) 832-4700

4812-5369-8641.1

# **CERTIFICATE OF SERVICE**

    I, Peter J. O'Meara, an attorney, hereby certify that on October 13, 2017, I electronically filed the foregoing FCSTONE, LLC'S MOTION FOR ENTRY OF AN ORDER DIRECTING THE TRUSTEE TO PAY FCSTONE, LLC ITS *PRO RATA* SHARE OF THE RESERVES with the Clerk of the Court using the CM/ECF system, and further caused the same to be served on all counsel of record via ECF filing.

    By: */s/* Peter J. O'Meara
          One of its attorneys